UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON A. SZYMANSKI,

    Plaintiff,

v.

MDOC – PAROLE BOARD, et al.,

    Defendants.

Case No. 24-cv-12536

Honorable Robert J. White

**OPINION AND ORDER DISMISSING THE COMPLAINT**

I.    Introduction

Jason A. Szymanski is presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan. He commenced this 42 U.S.C. § 1983 action against the Michigan Department of Corrections (MDOC) Parole Board, MDOC Director Heidi Washington, Supervisor Alexis Kraft, and Parole Agent Nyisha Smith for federal constitutional violations stemming from the denial of his request to modify his parole conditions. For the following reasons, the Court dismisses the complaint with prejudice.

II.    Background

In 2012, the Washtenaw County Circuit Court sentenced Szymanski to a 1-5 year term of incarceration for receiving and concealing stolen property. Mich. Comp.

Laws § 750.535(3)(a). MDOC paroled Szymanski in November 2014. And he became a "certified qualifying patient under the Michigan Medical Marijuana Act" the next month. (ECF No. 1, PageID.7). Szymanski sought to modify his parole condition, prohibiting the possession and use of marijuana, because he was a qualifying registered patient under the Michigan Medical Marijuana Act (MMMA). The parole board denied his request.

Szymanski alleges that between January 15, 2015 and August 10, 2021, he has been "arrested, penalized, and disciplined numerous times contrary to the MMMA's provisions and protections[.]" *Id*. He seems to assert that the parole violations resulted in the imposition of additional prison time, which he claims, violates the Eighth and Fourteenth Amendments to the United States Constitution.[1] The Court already granted his application to proceed without prepaying the filing fee. (ECF No. 5).

III.   Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a

---

[1] Szymanski raised similar claims in Michigan state court. None of them survived. *Szymanski v. Dep't of Corr.*, No. 350489, 2020 Mich. App. LEXIS 8752, at *2 (Mich. Ct. App. Dec. 29, 2020). The Michigan Court of Appeals also affirmed the dismissal of Szymanski's most recent action on res judicata grounds. He did not apply to the Michigan Supreme Court for leave to appeal that decision.

2

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even still, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.

IV. <u>Analysis</u>

Szymanski fails to state a claim upon which relief may be granted. Because he challenges the constitutionality of his parole conditions, and parole is a form of

3

confinement, Szymanski's claims are only cognizable through habeas review, not through a civil complaint alleging section 1983 violations. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).

The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). And this principle, known as the *Heck* doctrine, applies to claims challenging state parole revocation proceedings. *See Noel v. Grzesiak*. 96 F. App'x 353, 354 (6th Cir. 2004); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *accord Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (same).

4

Here, Szymanski resorts to the MMMA to attack the legality of his parole conditions prohibiting his marijuana use – a claim that, if successful, would invalidate the parole violation proceedings and his subsequent incarceration.[2] This type of claim is plainly barred under *Heck*. *See Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963) (parole conditions place a paroled prisoner in "custody" for habeas purposes); *Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (holding that *Heck* barred the plaintiffs from bringing claims under section 1983, where a successful challenge to parole conditions would necessarily result in release from confinement). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Szymanski may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: February 13, 2025            s/ Robert J. White
                                    Robert J. White
                                    United States District Judge

---

[2] The Michigan Court of Appeals observed that the "MDOC repeatedly found plaintiff to be in violation of his parole and extended the term of his parole into 2018, when his parole was revoked and plaintiff was returned to prison. Many of plaintiff's parole violations related to his possessing and using marijuana." *Szymanski*, 2020 Mich. App. LEXIS 8752, at *1.